IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY DAVID FISHER,

    Petitioner,

v.                                                   Civil Action No. 3:07cv630

JOHN GARMAN,

    Respondent.

## MEMORANDUM OPINION

Petitioner Johnny David Fisher, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Fisher challenges his convictions for three counts of robbery and two counts of use of a firearm. Respondent filed a Rule 5 Answer and Motion to Dismiss, providing Fisher with appropriate *Roseboro* notice. Respondent contends that the matter is barred by the statute of limitations. Fisher responded to the motion[2] and the matter is ripe for adjudication. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] On February 11, 2008, the undersigned Magistrate Judge ordered Fisher to show cause why his petition should not be dismissed for failing to respond in twenty days to the Respondent's Motion to Dismiss. On February 22, 2008, Fisher filed a "Response to Respondents Motion to Dismiss." (Docket No. 16.)

## I. Procedural History

On May 6, 2004, Fisher pled guilty to three counts of robbery and two counts of use of a firearm in the Circuit Court of Accomack County ("Circuit Court"). On February 25, 2005, final judgment of the Circuit Court sentenced Fisher to a combined eight-three (83) years in prison with seventy-one (71) years suspended. Fisher did not appeal his convictions.

On March 29, 2005, Fisher filed a motion for reconsideration of sentence in the Circuit Court. On April 4, 2005, the Circuit Court denied Fisher's request. Fisher did not appeal the Circuit Court's order.

On January 22, 2007, Fisher filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. On June 26, 2007, the Supreme Court of Virginia denied this petition.

On October 10, 2007, Fisher filed his present petition in the United States District Court, Eastern District of Virginia.[3] In the petition, Fisher raises the following claims:

    Claim One:    Ineffective Assistance of Counsel, Violation of Sixth Amendment

    Claim Two:    Plea of Guilty to the Offenses Charged Was Involuntary, Unknowingly, and Unintelligently Entered

## II. Analysis

**A.**     **Time Bar**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[3] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Fisher's conviction became final on March 27, 2005.[4] By following the applicable AEDPA one-year limitation period, Fisher had until March 27, 2006, to file a federal petition for a writ of habeas corpus. Fisher filed his federal habeas petition on October 10, 2007. Therefore, Fisher's petition is time barred unless he demonstrates that he is entitled to tolling of the limitation period. 28 U.S.C. § 2244(d)(1).

---

  [4] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Fisher had 30 days from the February 25, 2005 decision by the Circuit Court of Accomack to appeal to the Supreme Court of Virginia. See Va. Sup. Ct. R. 2A:4(a) ("Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed.") Thus, Fisher's ability to file an appeal to the Court of Appeals of Virginia lapsed on March 27, 2005. *See Hines v. Johnson*, No. 7:07CV00360, 2008 WL 161332, at *1 (W.D.Va. Jan. 15, 2008).

**B.     Equitable Tolling**

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.' " *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Fisher makes no valid argument as to why the court should equitably toll the statute of limitations on his federal petition.

First, Fisher argues that he deserves a tolling of the statute of limitations deadline because he received insufficient assistance from his former lawyer. He claims this insufficient assistance stems from his attorney's inability to produce documents Fisher viewed as necessary to proceed in filing his state petition for writ of habeas corpus. Chiefly, Fisher's claim fails because his attorney did assist him in retrieving documents he requested. In a January 9, 2006 letter, Fisher's attorney, William P. Robinson, Jr. ("Robinson"), explained to Fisher that he possessed no document that Fisher should not already have. Robinson also promises to retrieve his file and "send you that which we have." (Resp., Ex. A, 2.) The letter advises Fisher that the only way for him to receive a copy of the transcript is to purchase it from the court reporter.

Fisher cannot blame his untimely filing on Robinson's inability to deliver documents that he did not even possess.

Even presuming problems in delivering or retrieving documents, Robinson's alleged inability to timely deliver documents pertaining to a separate state habeas petition is not an extraordinary circumstance which would have prevented Fisher from filing his federal petition on time. As stated in *Little v. United States*, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002), "Petitioner's asserted delay in receiving information from his lawyer is insufficient to meet the high standard necessary for equitable tolling." Also, a claim that a prisoner "did not have access to his trial transcript does not constitute an 'extraordinary circumstance beyond his control' that would warrant tolling the limitation period." *Arroyo v. Angelone*, No. 01-CV-534, 2002 WL 32388381, at *2 (E.D. Va. July 12, 2002). Based on these reasons, neither a delay in receiving documents nor a failure to send a trial transcript is considered an extraordinary circumstance that excuses Fisher's untimely filing.

Second, Fisher claims that because his letters to the Accomack County Jail Records Department ("Records Department") and the Accomack County Commonwealth Attorney ("Commonwealth Attorney") went unanswered, he didn't receive the documents he sought, entitling him to equitable tolling. Fisher argues that these letters contained requests for vital documents. Because he lacked proper documentation, Fisher contends he could not timely file.

Fisher fails to highlight why the lack of documents he requested prevented him from filing a timely petition. Both of Fisher's document requests occurred after the March 27, 2006 deadline for his federal petition. Fisher's earliest request for these missing documents did not occur until June 23, 2006, almost three months after the AEDPA deadline had passed. The only

letter sent by Fisher to either the Records Department or the Commonwealth Attorney before the AEDPA deadline was a January 23, 2006 letter that made no request for documents. Instead, this letter expressed Fisher's frustration with his plea agreement and called for an investigation into his case. For these reasons, Fisher makes no valid claim why the unanswered document requests prevented him from filing his petition in a timely manner.

Third, Fisher blames the state respondent's "Motion for Extension of Time" in response to his February 28, 2007 state habeas petition for his delay in filing this federal petition on October 10, 2007. Fisher's reasoning fails because his federal petition was due March 27, 2006, almost a year before the state respondents requested an extension of time in his separate state habeas petition. Fisher provides no valid explanation as to why he did not adhere to this March 2006 deadline.

Fisher's last claim faults an inadequate law library at his correctional facility for his untimely petition. However, "delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling." *Dean v. Johnson,* No. 2:07cv320, 2007 WL 4232732, at *5 (E.D. Va. Nov. 27, 2007) (citing *Bilodeau v. Angelone*, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999)). Moreover, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa,* 364 F.3d at 512. Fisher's criticism of the law library materials at his prison fails to justify an extraordinary circumstance that tolls the required statute of limitations.

## **III. Conclusion**

Based on the foregoing reasons, the Motion to Dismiss (Docket No.11) is GRANTED. Accordingly, the Petition will be DISMISSED.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date:  April 15, 2008